## REED v. STORR.

Circuit Court, Palm Beach County.

February 11, 1955.

George B. Mehlman and George H. Butler, both of West Palm Beach, for plaintiff.

J. H. Lesser and C. D. Blackwell, both of West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

These consolidated cases were duly tried by the court. By a stipulation of counsel, the parties offered all of their evidence on the sole issue as to whether or not the defendant's automobile was being driven with his knowledge and consent at the time of the collision. It was agreed that the court shall thereupon make a determination of this issue, and if favorable to the plaintiffs, other evidence would be presented on the matter of negligence and damages, and if not favorable to the plaintiffs, a final judgment would be entered. It was further agreed, however, that in the event of a motion for a new trial, or such judgment be reversed, then the parties should have an opportunity to present evidence on the remaining issues of the cause.

The undisputed evidence offered by both parties shows that the driver of the defendant's car at the time of the collision, had on one previous occasion, with the knowledge and consent of the defendant, driven the car to a nearby community so this defendant could obtain certain medical services. After the trip the car was parked adjoining the house of the defendant, and the key left in the car.

It further appears that this driver did on several other occasions, drive the car of the  defendant about West Palm Beach—but without any knowledge or consent of the defendant. The evidence also discloses that at the time of the accident which formed a basis of this suit, the driver of defendant's car was operating the car without the knowledge or consent of the defendant, either express or implied, unless such implied consent can be created upon the evidence adduced.

As I view the law, the facts as above outlined do not warrant a finding that the car at the time of the accident was driven with the consent or knowledge, express or implied, of the defendant.

Thereupon, it is ordered that on the issue of knowledge and consent of the defendant, the court finds for the defendant; that, subject to the stipulations above stated, the plaintiffs take nothing by their complaints, and that the defendants go hence without day; all with costs taxed against the plaintiffs.